UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUMMERS-WOOD LP d/b/a ROLY | : | |
| POLY TEXAS, SUMMERS-WOOD | : | |
| MANAGEMENT, LLC, JOHN W. | : | |
| SUMMERS AND J. MICHAEL WOOD | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:08-CV-847 (VLB) |
| LINDA WOLF AND JULIE REID, | : | |
|     Defendant. | : | November 6, 2009 |

## MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [Doc. #32]

The Plaintiffs, Summers-Wood L.P. (d/b/a Roly Poly Texas), Summers-Wood Management L.L.C., John W. Summers and J. Michael Wood (collectively "Plaintiffs" or "Summers-Wood") brought this action against the Defendants, Linda Wolf and Julie Reid ("Defendants" or "Wolf and Reid"), alleging causes of action for fraud, interference with business or contractual relationships, breach of fiduciary duty, violations of the Texas Deceptive Trade Practices Act (Tex. Bus. & Com. Code § 17.565) and the Florida Franchise Act (Fla. Stat. § 817.416(2)), negligence, negligent misrepresentation, unfair competition, conversion, fraudulent conveyance, and breach of the covenant of good faith and fair dealing.  The Plaintiffs seek a constructive trust, damages, interest, equitable relief and attorneys' fees.  Presently pending before the Court is the Defendants' motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons set forth below, the motion to dismiss [Doc. #32] is GRANTED.

## I.  Factual and Procedural Background

The following facts are taken from the Plaintiffs' Complaint and documents of public record that are incorporated therein by reference and are relevant to the motion at bar.  Wolf is the President and Reid is the Vice-President of Roly Poly Franchise Systems, LLC. ("Roly Poly"), a Georgia-based company.  During the time period relevant to this case, the Defendants operated Roly Poly from their homes in Jacksonville, and then Key West, Florida.  The Defendants moved to Westport, Connecticut in December 2006, more than one year before this case was filed.

Plaintiffs John W. Summers and J. Michael Wood are Texas residents and controlling principals of Summers-Wood L.P. and Summers-Wood Management LLC.  Both entities have their principal place of business in or around Dallas, Texas.

The parties entered into a Master Development Agreement ("MDA") in late 2001or early 2002, which granted the plaintiffs sub-franchise rights to sell Roly Poly franchises in Texas.  The parties' business relationship ultimately soured, and, in or about April 2005, Roly Poly terminated the MDA and filed suit against the Plaintiffs in Georgia.  Thereafter, in July 2005, the Plaintiffs responded by filing suit in Texas against Roly Poly, and Wolf and Reid individually, alleging, *inter alia*, fraud, breach of contract, breach of fiduciary duty, interference with business or contractual relationships, violations of the Texas Deceptive Trade Practices Act, negligent misrepresentation, and unfair competition.  In addition to seeking damages for these claims, the Plaintiffs sought a constructive trust, declaratory

2

relief, punitive damages, and attorneys' fees.  In the Texas action, the Plaintiffs asserted that Wolf and Reid were liable individually because they used the corporate form of Roly Poly as a sham to perpetrate a fraud, thus permitting corporate veil-piercing.

Wolf and Reid objected to the Texas court's exercising jurisdiction over them on a preliminary motion filed pursuant to Rule 120a of the Texas Rules of Civil Procedure, which allows a defendant to enter a special appearance for the purpose of challenging the personal jurisdiction of the Texas court.  The Defendants argued that the court lacked jurisdiction over them on the basis of a Texas jurisdictional concept known as the "fiduciary shield doctrine," which prevents corporate employees from submitting themselves to Texas jurisdiction through acts committed in Texas on behalf of a corporate entity.  In connection with the special appearance, the Plaintiffs conducted written discovery and took the deposition of each defendant.  The trial court also held an evidentiary hearing, during which the Plaintiffs offered the testimony of Plaintiff Wood.  Following the hearing, the trial court denied the Defendants' special appearance.

On appeal, the Court of Appeals of Texas, Dallas Division reversed the trial court's order denying Wolf and Reid's special appearance and rendered a judgment of dismissal as to Wolf and Reid individually.  See Wolf v. Summers-Wood, L.P., 214 S.W.3d 783, 793 (Tex. App. 2007).  The Texas appellate court held that the Plaintiffs had "failed to plead or offer evidence of any facts establishing how Wolf and Reid purportedly used the corporate form of Roly Poly LLC to perpetrate fraud

or how the corporate form was a sham or a fiction."  Id. at 790.  According to the appellate court, "Wood's testimony . . . did not establish facts or prove that Wolf and Reid used the corporation to perpetrate a fraud or that the corporate form was a fiction or sham.  Nor did his testimony refute or contradict Reid's or Wolf's testimony regarding general jurisdiction or that Roly Poly LLC was not operated in a manner indistinguishable from her personal affairs or in a manner calculated to mislead those dealing with them to their detriment . . .  Because appellees failed to meet their burden and Wolf's and Reid's testimony established that their individual contacts were made solely as officers of and on behalf [of] Roly Poly LLC, we conclude Wolf and Reid were protected by the fiduciary shield doctrine."  Id. at 791-92.  The case continued against Roly Poly, and is still pending in Texas court.

The Plaintiffs thereafter filed a new action against Wolf and Reid in the Circuit Court for Escambia County (Pensacola), Florida.  The case was removed to the United States District Court for the Southern District of Florida on the basis of diversity of citizenship, and was subsequently transferred to this Court on May 23, 2008.

The Defendants filed the present motion to dismiss on June 26, 2008 [Doc. #32.].  They argue, among other things, that the Plaintiffs are barred from litigating their case in this Court because their basis for liability against Wolf and Reid is that the corporate form of Roly Poly is a sham and the Texas court in Wolf previously decided this issue in favor of the Defendants in the context of it's jurisdictional ruling.  The Plaintiffs filed their opposition on July 28, 2008 [Doc. #40].  On

4

December 11, 2008, this Court entered the following Order to Show Cause:

> The Court has examined the opinion of the Texas appeals court in the case filed by the plaintiffs against the defendants in Texas, 214 S.W.3d 783 (Tex. App. 2007).  That court determined that the plaintiffs failed to meet their burden to prove that the defendants are the alter ego of the defendants' company, Roly Poly.  In this case, the plaintiffs appear to make the same allegations against the defendants as they did in the Texas case.  If the plaintiffs are making new allegations, the plaintiffs have failed to explain why those allegations could not have been made in Texas.  As the plaintiffs have already had an opportunity to litigate the issue, and now apparently wish to litigate the same issue in a new forum, the plaintiffs are ordered to show cause why this case should not be dismissed.  The plaintiffs must brief that issue by 1/12/09, if they wish to pursue it, or the Court will dismiss the case.  [Doc. #44]

The Plaintiffs filed a response to the Court's Order to Show Cause on January 12, 2009 [Doc. #45].  In their response, the Plaintiffs assert that the Texas court's decision in Wolf was an interlocutory decision on the issue of personal jurisdiction only under Rule 120a of the Texas Rules of Civil Procedure.  This rule allows a defendant to enter a special appearance for the sole purpose of challenging the personal jurisdiction of the Texas court.  According to the Plaintiffs, the text of the rule itself is dispositive of this Court's inquiry:

> Any motion to challenge the jurisdiction provided for herein shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard.  No determination of any issue of fact in connection with the objection to jurisdiction is a determination of the merits of the case or any aspect thereof.

Tex. R. Civ. P. 12a(2).  The Plaintiffs argue that, because the Texas appellate court's ruling in Wolf was a preliminary decision on the issue of jurisdiction only, they did not have the opportunity to litigate the corporate sham issue in the Texas court and cannot be barred from proceeding against Wolf and Reid in this Court on the basis of the Texas court's jurisdictional ruling.

5

The Defendants argue in opposition that, although the Texas appellate court's jurisdictional ruling was not a ruling on the merits, Texas courts frequently must resolve issues of fact when deciding whether there is a basis to exercise jurisdiction over the defendants.  When a Plaintiff fails to present sufficient evidence to support an issue of fact necessary to establish a basis for jurisdiction and that basis for jurisdiction is also the basis for liability, such a finding may preclude liability.  Here, the Defendants assert, the Plaintiffs were provided ample opportunity for discovery and investigation in seeking to meet their burden of demonstrating that the corporate form of Roly Poly was a sham in the Texas case. Since they were unable to establish corporate veil-piercing at the jurisdictional stage in the Texas case, they cannot possibly establish liability in the present case because the burden of proof is lower at the jurisdictional stage.

## II.  Discussion

The United States Supreme Court recently reexamined the standard governing a motion to dismiss for failure to state a claim.  "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  While Rule 8 does not require detailed factual allegations, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (internal citations omitted).

The doctrine of collateral estoppel, or issue preclusion, provides that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).  Pursuant to the full faith and credit statute, 28 U.S.C. § 1738, the preclusive effect of a state court ruling is determined by examining the law of the state where the ruling was made. Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996).  In Texas, "[t]o invoke the doctrine of collateral estoppel, a party must show that: (1) the facts to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the present parties were adversaries in the prior action."  Norrell v. Aransas County Navigation Dist. No. 1, 1 S.W.3d 296, 302 (Tex. App. 1999).

With respect to the first prong, a review of the record shows that the fact to be litigated here was fully and fairly litigated in the prior Texas action.  "[A]n issue has only been litigated, for purposes of collateral estoppel, if it was 'properly raised, submitted for determination, and determined.'"  Indemnity Ins. Co. v. City of Garland, 258 S.W.3d 262, 271 (Tex. App. 2008).  In order to prove the Defendants' liability in this action, the Plaintiffs would have to pierce the corporate veil by showing that the corporate form of Roly Poly was a sham used by Wolf and

7

Reid to perpetrate a fraud.  The Plaintiffs failed to establish that fact in the Texas court, despite having had the opportunity to conduct discovery and present their case at an evidentiary hearing.  See Wolf, 214 S.W.3d at 790.  The Plaintiffs state in conclusory fashion that they did not have a full opportunity to litigate the corporate sham issue because the Texas court's determination was made at a preliminary stage of the litigation.  However, they fail to articulate any specific reasons why the opportunity they were provided was inadequate or what evidence they expect to gather through discovery in this case in order to meet their burden of establishing corporate veil-piercing.

Notably, notwithstanding the discovery they were permitted in the Texas case, the Complaint in this case fails to allege any facts at all to support the Plaintiffs' claim that Wolf and Reid used the corporate form of Roly Poly as a sham to perpetrate a fraud.  Instead, the Plaintiffs' only allegations relating to the corporate sham issue constitute a series of conclusory statements and legal conclusions without supporting facts.  See Complaint, ¶ 9.[1]  As the United States

---

[1]  Paragraph 9 of the Complaint alleges, in pertinent part:  "Defendants used the corporate form of Roly Poly Franchise Systems, LLC to protect them from individual liability for wrongful, fraudulent and tortious acts personally committed by them or at their insistence.  The corporate form of Roly Poly Franchise Systems, LLC is a sham being used by these Defendants to perpetrate fraud and tortious interference and other tortious acts on Plaintiffs.  It is the specific intent of these acts to perpetrate fraud, interference with business and contractual relationships and other tortious acts as more specifically alleged herein.  Adherence to the corporate fiction of Roly Poly Franchise Systems, LLC to shield Defendants Wolf and Reid from their individual acts would promote injustice and lead to an inequitable result.  The cloak of corporate fiction is being used by these Defendants as a shield for fraud and other illegal and tortious activity.  Consequently, Plaintiffs pray that the corporate existence of Roly Poly Franchise Systems, LLC be disregarded and that the acts of Defendant Reid and Defendant

Supreme Court has explained, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).  Furthermore, the Court notes that, in their response to the Defendants' Motion to Dismiss, the Plaintiffs again failed to explain how they have sufficiently pled facts to support their corporate sham theory, but instead simply block-quoted an entire section of the Complaint.  <u>See</u> Plaintiff's Response to Defendants' Motion to Dismiss, at 5-9 [Doc. #40-1].  Because the Plaintiffs have identified no basis for the liability of Wolf and Reid other their corporate sham theory, dismissal is warranted for this reason alone.

The second prong of the collateral estoppel test requires that the facts at issue were essential to the determination of the prior action.  In deciding whether personal jurisdiction could be exercised over Wolf and Reid, the Texas appellate court had to determine whether they were protected by the fiduciary shield doctrine.  <u>See</u> <u>Wolf</u>, 214 S.W.3d at 790 ("The fiduciary shield doctrine protects a nonresident corporate officer or employee from a trial court's exercise of [personal jurisdiction] when all of the individual's contacts with Texas were made on behalf of the employer.").  In order to make that judgment, the appellate court necessarily decided whether the corporate form of Roly Poly was a sham. Therefore, the second prong is satisfied.

---

Wolf be deemed by this court to be their own individual acts perpetrated for their own individual purposes."

Lastly, in order for issue preclusion to apply, the parties must have been adversaries in the prior action.  This part of the collateral estoppel test ensures that the persons against whom estoppel is being asserted have had a full opportunity to present and argue their case.  Eagle Properties, Ltd. v. Scharbauer, 807 S.W.2d 714, 721 (Tex. 1990).  The parties in the present action are exactly the same as those who argued the corporate sham issue in the Texas court.  Therefore, this prong is also satisfied.

Nevertheless, the Plaintiffs argue that issue preclusion does not apply to this case because findings made pursuant to a personal jurisdiction challenge cannot be a determination of liability on the merits of the case.  In support of their argument, the Plaintiffs cite Rule 120a of the Texas Rules of Civil Procedure, which provides that "[n]o determination of any fact in connection with the objection to jurisdiction is a determination of the merits of the case or any aspect thereof."  As a general rule, the Plaintiffs are correct.  Decisions made on jurisdictional issues are not decisions on the merits of a case.  However, this generality is not dispositive of the present motion.

The proper scope of the Texas appellate court's finding is embodied in the Restatement (First) of Judgments, § 49.  The Restatement illustrates that judgments that are not on the merits of a case can and do have preclusive effect upon the issues actually decided.  The pertinent section of the Restatement provides that "[a]lthough, where a judgment for the defendant is not on the merits, the plaintiff is not precluded from maintaining a new action on the same cause of action, he is precluded from relitigating the very question which was litigated in

10

the prior action."  Restatement (First) of Judgments, § 49 Comment b (1942).  As

the Fifth Circuit has explained, "the law is clear: a dismissal for [lack of

jurisdiction] while not binding as to all matters which could have been raised, is,

however, conclusive as to matters actually adjudged."  Equitable Trust Co. v.

Commodity Futures Trading Comm'n, 669 F.2d 269, 272 (5th Cir. 1982) (internal

quotation marks omitted); see also Nichols v. Canoga Indus., 83 Cal. App. 3d 956,

967 (Cal. Ct. App. 1978) ("A dismissal for lack of jurisdiction is not res judicata and

does not . . . bar the relitigation of substantive issues raised except as to issues

necessary for the determination of jurisdiction.") (internal citations omitted).

Texas law is in accord with the Restatement.  While the general rule in

Texas is that determinations made for jurisdictional purposes do not decide the

merits of the case, courts may and often must make findings that are related to an

issue of liability.  See, e.g., Hone v. Hanafin, No. 05-01-00897-CV, 2003 WL

22020778, at *3 (Tex. App. Aug. 28, 2003) ([W]e disagree with [the] contention that

in determining jurisdiction, the trial court can never make any finding that may

relate to an ultimate issue . . .  The fact that proof to defeat jurisdiction may also

disprove an element of the plaintiff's cause of action cannot limit the right of the

defendant to challenge jurisdiction."); Ross F. Meriwether Assocs., Inc. v.

Aulbach, 686 S.W.2d 730, 732 (Tex. App. 1985) ("The fact that the showing of an

absence of the factual basis for exercise of jurisdiction also tends to show the

absence of liability . . . cannot in any way limit the right of defendant to establish

the non-existence of the essential jurisdiction fact.").  In this case, the very

question litigated in the Texas court was whether the corporate form of Roly Poly

11

is a sham used by Wolf and Reid to perpetrate a fraud.  The decision that it is not, though made in the context of a ruling on jurisdiction, also relates to the ultimate issue of liability in the case at bar.  Because that finding was necessary to the determination of jurisdiction and because the Plaintiffs had an opportunity to conduct discovery and participate in an evidentiary hearing on the corporate sham issue, they are precluded from relitigating the same question a second time. Without being able to prove their corporate sham theory in this Court, the Plaintiffs would be unable to establish the liability of Wolf and Reid, and thus, this action cannot stand.

### III.  Conclusion

Based on the above reasoning, the Defendants' motion to dismiss [Doc. #32] is GRANTED.


IT IS SO ORDERED.


_____/s/_____

Vanessa L. Bryant

United States District Judge


Dated at Hartford, Connecticut:  November 6, 2009.